### CARL DUNCAN v. THE STATE.

*No. 3378.    Decided October 18.*

1. **Evidence.** —An issue in this case, as pertaining to the penalty, was the age of the defendant. The jury found that the defendant was of the age of seventeen years, an age which under the statute for the offense of which he was convicted, and the term of imprisonment allotted him by the verdict, confines him in the penitentiary instead of the reformatory. But see the opinion for a summary of the proof on the issue *held* to be against the verdict.

2. **Practice—Charge of the Court—House of Correction and Reformatory.—** Section 12 of the Act of April 2, 1889, entitled "An act to provide for the more efficient government and maintenance of the House of Correction and Reformatory at Gatesville," limits to confinement in the reformatory a convict who is not more than sixteen years old, and whose term of imprisonment is assessed at not more than five years. It further provides that "the jury convicting shall say in their verdict whether the convict shall be sent to the reformatory or the penitentiary." It is the province of the jury and not the court to fix the place of confinement. This act being mandatory, it devolves upon the trial court to give it in charge to the jury. See the opinion for the court's charge on the subject *held* erroneous, inasmuch as requiring the jury to fix the term of imprisonment and the age of the defendant, it reserves to the court the designation of the place of imprisonment.

APPEAL from the District Court of Montgomery. Tried below before Hon. James Masterson.

The indictment charged the appellant with the murder of Ed. Lockhart. He was convicted of manslaughter, and his penalty assessed at a term of five years in the penitentiary.

The rulings of this court on this appeal do not require a statement of the facts proved on the trial.

No brief for the appellant has reached the Reporter.

*W. L. Davidson,* Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—In this case the verdict of the jury at the trial in the court below was, "We the jury find the defendant guilty of manslaughter, and assess the punishment at five years in the State penitentiary; and we find the defendant to be seventeen years old."

This verdict as to defendant's age is, in our opinion, not supported by but is against the evidence. Four witnesses were examined to his age. John Henry said, "He is a boy, but I don't know his age." Jane Scott said: "I knew his mother well. His mother and I lived on the same place when Carl was born. I had a boy about one year old when Carl was born. That boy of mine is just sixteen years old now. I know that Carl Duncan was born sometime in the year of the big storm. He is now about fifteen years of age."

A. W. Morris testified: "I have known Carl Duncan ever since his infancy. He was born on my plantation, east of the town of Montgomery. I should say that he is now between fifteen and sixteen years of age, though I do not know his exact age. One means I have to fix or approximate his age is this: When I moved from Montgomery to the plantation, about twelve or thirteen years ago, my third son was a child, and the defendant was a child; my son was larger and appeared to be older than defendant was then, and he will now weigh twenty or thirty pounds more than defendant; my said son is just sixteen years old to-day."

G. R. Babbitt testified: "I know Carl Duncan. I do not know his age. About twelve years ago, when I moved to the Morris plantation, the defendant, Carl Duncan, was a good big boy, large enough to carry buckets of water to his father in the field, and appeared to me at that time to be from five to six years old."

It was essential that the jury should ascertain and find defendant's age in order to fix his place of punishment — that is, whether in the penitentiary or in the reformatory — as provided by section 12 of the Act of April 2, 1889 (Acts 21st Legislature, page 97), which requires the jury to say in their verdict whether the convict shall be sent to the reformatory or the penitentiary in case they should find that he was not more than sixteen years of age, and when the punishment assessed by them was imprisonment not over five years. As stated above the evidence is insufficient

to find the defendant over sixteen years of age.     Ingram v. The State, *ante,* 33.

As to the character of verdict to be rendered with reference to the age of defendant, the court instructed the jury that "in this case, if they find the defendant is guilty of murder in the second degree or of manslaughter, find and state whether he is more than sixteen years of age; and if so, and your verdict of conviction is by confinement for five years or less, state as a part of your verdict what defendant's age is, in order that the court may pass the proper legal judgment and sentence," etc.

This charge was insufficient.    Section 12 of the Act of April 2, 1889, with regard to the government of the house of correction and reformatory, expressly provides that "the jury convicting shall say by their verdict whether the convict shall be sent to the reformatory or the penitentiary." The charge "should have told the jury that if they found the defendant guilty, and found that he was not more than sixteen years of age, they should further find and state in their verdict whether he should be sent to the reformatory or the penitentiary, and that the place of his punishment would be determined by the period of confinement assessed by them — that is, if the period of confinement should be assessed at five years or less, he would be sent to the reformatory, but if more than five years he would be sent to the penitentiary."    Washington v. The State, 28 Texas Ct. App., 411.

The jury, and not the court, must fix and determine the place of punishment — it must be done by the verdict.    The provision of the statute is mandatory.    Washington's case, *supra.*

Because the evidence as to the age of the defendant and the charge of the court as above pointed out are both insufficient, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.